IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| OFFICE OF THE DEFENSE ATTACHE, | * | |
| EMBASSY OF THE REPUBLIC OF KOREA | * | |
| TO THE UNITED STATES OF AMERICA | * | |
| 2450 Massachusetts Avenue, NW | * | |
| Washington, DC 20008 | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: |
| v. | * | |
| | * | |
| HYEN JENG SHIN | * | |
| 6373 Barefoot Boy | * | |
| Columbia, Maryland 21045 | * | |
| | * | |
| And | * | |
| | * | |
| THOMAS MATTHEW HENCSHEL | * | |
| 6373 Barefoot Boy | * | |
| Columbia, Maryland 21045 | * | |
| | * | |
| And | * | |
| | * | |
| MIN SEOK OH | * | |
| 6373 Barefoot Boy | * | |
| Columbia, Maryland 21045 | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, the Office of the Defense Attache, Embassy of the Republic of Korea to the

United States of America ("Plaintiff") files its Complaint and Demand for Trial by Jury

against Defendants Hyen Jeng Shin ("Shin"), Thomas Matthew Hencshel ("Hencshel"), and

Min Seok Oh ("Oh") (collectively, "Defendants") for damages arising from Defendants'

unlawful, fraudulent, and conspiratorial transgressions against Plaintiff during the period of

at least April 2023 through October 2025 ("the fraud period").

## PARTIES

1.      Plaintiff is an agency or instrumentality of the Republic of Korea.

2.      At all times relevant, Plaintiff operated at 2450 Massachusetts Avenue, NW,

Washington, DC 20008.

3.      Shin is an adult domiciliary of the State of Maryland.

4.      During the fraud period, Shin resided at 6373 Barefoot Boy, Columbia,

Maryland 21045 ("the Barefoot Boy House").

5.      Shin currently resides at the Barefoot Boy House.

6.      Shin has never resided at 7703 Spreading Oak Lane, #125, Elkridge, Maryland

21075 ("the Spreading Oak House").

7.      Shin has never rented, leased, or held any tenancy interest related to the

Spreading Oak House.

8.      Hencshel is an adult domiciliary of the State of Maryland.

9.      Hencshel is the owner of the Barefoot Boy House.

10.     During the fraud period, Hencshel resided at the Barefoot Boy House.

11.     Hencshel currently resides at the Barefoot Boy House.

12.     Prior to and during the fraud period, Shin and Hencshel were partners in a

romantic relationship.

13.     Shin and Hencshel were legally married in 2025.

14.     Oh is an adult domiciliary of the State of Maryland.

15.     During the fraud period, Oh resided at the Barefoot Boy House.

16.     Oh currently resides at the Barefoot Boy House.

17.     During the period of approximately 2020 through about 2023, Oh leased or rented the Spreading Oak House.

18.     Oh has never been employed by, associated with, affiliated with, or acted as a Listing Agent for Great Homes Realty.

19.     Oh has never held an ownership interest in the Spreading Oak House.

20.     Oh has never acted or been authorized to act as Listing Associate for or on behalf of the Spreading Oak House.

21.     The Broker/Agent ID Number 3006972 has never belonged to or otherwise been associated with Oh.

22.     Prior to, during, and following the fraud period, Oh enjoyed a close personal friendship with both Shin and Hencshel.

23.     The acts and omissions perpetrated by Defendants that give rise to this action occurred primarily within Howard County, Maryland.

## JURISDICTION AND VENUE

24.     In this case, Plaintiff seeks recovery of damages against Defendants, jointly and severally, in an amount exceeding $75,000.00.

25.     In this case, complete diversity of citizenship exists between the Opposing Parties.

26.     The United States District Court for the District of Maryland properly confers Subject Matter Jurisdiction over the claims at bar based upon Diversity of Citizenship.

27.    Based upon the foregoing, Personal Jurisdiction over all Defendants and Venue for these proceedings is proper in the United States District Court for the District of Maryland.

## FACTS

28.    During the period of about August 2020, through about November 2025, Plaintiff employed Shin as Administrative Staff.

29.    Pursuant to Shin's Employment Agreement, Plaintiff and Shin mutually agreed that Shin would be entitled to receipt of a monetary housing stipend from Plaintiff if, and only if, the stipend paid by Plaintiff to Shin was in partial or full satisfaction or reimbursement for Shin's cost of housing at a dwelling place for which Shin is identified as lessee on the lease or rental agreement.

30.    Prior to, during, and after the fraud period, each Defendant had actual knowledge that under Shin's Employment Agreement, the only circumstances where Plaintiff was required to issue a monetary housing stipend to Shin was exclusively when Shin used the monetary housing stipend payment to partially or fully satisfy Shin's out-of-pocket cost for housing at a dwelling place where Shin was the expressly identified lessee on the lease or rental agreement.

31.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about March or April 2023, Defendants jointly and collectively created a fake or fraudulent lease agreement for the Spreading Oak

House for the lease period April 30, 2023, through April 30, 2024 ("the 2023/2024 Lease").

32.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2023/2024 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Great Homes Reality was the Listing Agent for the Spreading Oak House.

33.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2023/2024 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Oh was the Listing Associate for the Spreading Oak House.

34.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2023/2024 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Oh was the Owner of the Spreading Oak House.

35. To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2023/2024 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Shin was the Tenant of the Spreading Oak House.

36. To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2023/2024 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Shin held a $2,400.00 monthly lease obligation to Oh for her tenancy of the Spreading Oak House.

37. To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2023, Defendants, through Shin, presented the 2023/2024 Lease to Plaintiff, and in so doing, materially misrepresented to

6

Plaintiff that the 2023/2024 Lease was a true and correct copy of Shin's lease for the Spreading Oak House.

38.   To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2023, Defendants, through Shin, materially misrepresented to Plaintiff that Shin would and/or intended to reside at the Spreading Oak House for the lease term, from April 30, 2023, through April 30, 2024.

39.   Upon Plaintiff's reasonable, foreseeable, and intended reliance on Defendants' material misrepresentations to Plaintiff within and related to the 2023/2024 Lease, Defendants jointly and collectively caused and directly benefited from the following:

   a.   On or about April 25, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,700.00, and thereafter Shin divided and distributed portions of the $1,700.00 to each of the Defendants;

   b.   On or about May 25, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

7

c. On or about June 23, 2023, Plaintiff issued, and Shin accepted and deposited a housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

d. On or about July 25, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

e. On or about August 25, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

f. On or about September 25, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend or benefit of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

g. On or about October 25, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

h. On or about November 21, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

i. On or about December 19, 2023, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

j. On or about January 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

k. On or about February 23, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants; and

l. On or about March 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants.

40. To falsely or fraudulently continue to induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2024, Defendants jointly and collectively created a fake or fraudulent lease agreement for the Spreading Oak House for the lease period May 1, 2024, through April 30, 2025 ("the 2024/2025 Lease").

41.     To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2024/2025 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Great Homes Reality as the Listing Agent for the Spreading Oak House.

42.     To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2024/2025 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Oh as the Listing Associate, with Broker/Agent ID: 3006972, for the Spreading Oak House.

43.     To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2024/2025 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Oh as the Owner of the Spreading Oak House.

44.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2024/2025 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Shin as the Tenant of the Spreading Oak House.

45.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2024/2025 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Shin held a $2,600.00 monthly lease obligation to Oh for her tenancy of the Spreading Oak House.

46.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2024, Defendants, through Shin, presented the 2024/2025 Lease to Plaintiff, and in so doing, materially misrepresented to Plaintiff that the 2024/2025 Lease was a true and correct copy of Shin's lease for the Spreading Oak House.

11

47.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2024, Defendants, through Shin, materially misrepresented to Plaintiff that Shin would and/or intended to reside at the Spreading Oak House for the lease term, from May 1, 2024, through April 30, 2025.

48.    Upon Plaintiff's reasonable, foreseeable, and intended reliance on Defendants' material misrepresentations to Plaintiff within and related to the 2024/2025 Lease, Defendants jointly and collectively caused and directly benefited from the following:

   a.    On or about April 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

   b.    On or about May 24, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

   c.    On or about June 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $1,900.00, and thereafter Shin divided and distributed portions of the $1,900.00 to each of the Defendants;

d.   On or about July 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

e.   On or about August 22, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

f.   On or about September 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

g.   On or about October 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

h.   On or about November 25, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

i.   On or about December 20, 2024, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

j.   On or about January 24, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

k.   On or about February 25, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00.00 to each of the Defendants; and

l.   On or about March 25, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00.00 to each of the Defendants.

49.   To falsely or fraudulently continue to induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2025, Defendants collectively created a fake or fraudulent lease agreement for the Spreading Oak House for the lease period May 1, 2025, through April 30, 2026 ("the 2025/2026 Lease").

50.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2025/2026 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Great Homes Reality as the Listing Agent for the Spreading Oak House.

51.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2025/2026 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Oh as the Listing Associate, with Broker/Agent ID: 3006972, for the Spreading Oak House.

52.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2025/2026 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Oh as the Owner of the Spreading Oak House.

53.    To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin

to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2025/2026 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent Shin as the Tenant of the Spreading Oak House.

54.     To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, Defendants, by and through their joint or collective creation of the 2025/2026 Lease, specifically intended to and did, in fact, falsely, fraudulently, and materially misrepresent that Shin held a $2,600.00 monthly lease obligation to Oh for her tenancy of the Spreading Oak House.

55.     To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants to keep and enjoy, in or about April 2025, Defendants, through Shin, presented the 2025/2026 Lease to Plaintiff, and in so doing, materially misrepresented to Plaintiff that the 2024/2025 Lease was a true and correct copy of Shin's lease for the Spreading Oak House.

56.     To falsely or fraudulently induce Plaintiff's payment to Shin of an otherwise unauthorized or unavailable monetary housing stipend, and thereafter for Shin to distribute the ill-gotten monetary stipend payment to each of the Defendants

to keep and enjoy, in or about April 2025, Defendants, through Shin, materially misrepresented to Plaintiff that Shin would and/or intended to reside at the Spreading Oak House for the lease term, from May 1, 2025, through April 30, 2026.

57.    Upon Plaintiff's reasonable, foreseeable, and intended reliance on Defendants' material misrepresentations to Plaintiff within and related to the 2025/2026 Lease, Defendants jointly and collectively caused and directly benefited from the following:

    a.    On or about April 25, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

    b.    On or about May 14, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

    c.    On or about June 25, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

    d.    On or about July 18, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin

divided and distributed portions of the $2,110.00 to each of the Defendants;

   e.  On or about August 25, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants;

   f.  On or about September 23, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants; and

   g.  On or about October 24, 2025, Plaintiff issued, and Shin accepted and deposited a monetary housing stipend of $2,110.00, and thereafter Shin divided and distributed portions of the $2,110.00 to each of the Defendants.

58.   During the period of about March or April 2023, through October 2025, Defendants, acting jointly, cooperatively, and in concert, to knowingly and maliciously defraud Plaintiff through creation, use, dissemination, or confirmation of the materially false 2023/2024 Lease, 2024/2025 Lease, and 2025/2026 Lease to fraudulently induce and cause Plaintiff to issue Thirty-One (31) unauthorized monetary housing stipend payments to Shin totaling $62,060.00, and, following Shin's depositing and distribution of the same to all Defendants, to deprive Plaintiff of the full amount of each ill-gotten

monetary housing stipend, and for all Defendants' collective use, benefit, enrichment, and enjoyment of the same.

## CAUSES OF ACTION

### COUNT I
**FRAUDULENT MISREPRESENTATION**
(Against All Defendants)

59.   Plaintiff incorporates all preceding facts and allegations set forth within this Complaint into this Count.

60.   During the period of about March or April 2023, through October 2025, Defendants, acting jointly, cooperatively, and in concert, to knowingly and maliciously defraud Plaintiff through creation, use, dissemination, or confirmation of the materially false 2023/2024 Lease, 2024/2025 Lease, and 2025/2026 Lease to fraudulently induce and cause Plaintiff to issue Thirty-One (31) unauthorized monetary housing stipend payments to Shin totaling $62,060.00, and, following Shin's depositing and distribution of the same to all Defendants, to deprive Plaintiff of the full amount of each ill-gotten monetary housing stipend and for all Defendants' collective use, benefit, enrichment, and enjoyment of the same.

### COUNT II
**CONVERSION**
(Against All Defendants)

61.   Plaintiff incorporates all preceding facts and allegations set forth within this Complaint into this Count.

62.   During the period of about March or April 2023, through October 2025, Defendants, acting jointly, cooperatively, and in concert, to knowingly and

maliciously defraud Plaintiff through creation, use, dissemination, or confirmation of the materially false 2023/2024 Lease, 2024/2025 Lease, and 2025/2026 Lease to fraudulently induce and cause Plaintiff to issue Thirty-One (31) unauthorized monetary housing stipend payments to Shin totaling $62,060.00, and, following Shin's depositing and distribution of the same to all Defendants, to deprive Plaintiff of the full amount of each ill-gotten monetary housing stipend and for all Defendants' collective use, benefit, enrichment, and enjoyment of the same.

## COUNT III
## CONSPIRACY TO DEFRAUD AND/OR COMMIT CONVERSION
(Against All Defendants)

63.     Plaintiff incorporates all preceding facts and allegations set forth within this Complaint into this Count.

64.     During the period of about March or April 2023, through October 2025, Defendants, acting jointly, cooperatively, and in concert, to knowingly and maliciously defraud Plaintiff through creation, use, dissemination, or confirmation of the materially false 2023/2024 Lease, 2024/2025 Lease, and 2025/2026 Lease to fraudulently induce and cause Plaintiff to issue Thirty-One (31) unauthorized monetary housing stipend payments to Shin totaling $62,060.00, and, following Shin's depositing and distribution of the same to all Defendants, to deprive Plaintiff of the full amount of each ill-gotten monetary housing stipend and for all Defendants' collective use, benefit, enrichment, and enjoyment of the same.

### COUNT IV
### UNJUST ENRICHMENT
(Against All Defendants)

65.    Plaintiff incorporates all preceding facts and allegations set forth within this Complaint into this Count.

66.    During the period of about April 2023 through October 2025, Defendants, through Shin's improper and authorized requests, the same supported by Defendants' misrepresentations to Plaintiff, orally through Shin and in writing by use of Defendants' false or fraudulent 2023/2024 Lease, 2024/2025 Lease, and 2025/2026 Lease, Plaintiff issued Shin payment of Thirty-One (31) monetary housing stipend payments totaling $62,060.00, each of which Shin deposited and distributed among all Defendants.

67.    During the period of about April 2023, through October 2025, Defendants acted jointly, cooperatively, and in concert to create fake and fraudulent documents and disseminate material misrepresentations to solicit, receive, retain, and unjustly enrich themselves by and through Plaintiff's issuance of Thirty-One (31) improper or unauthorized monetary housing stipend payments totaling $62,060.00.

68.    Equity and fairness mandate Defendants' immediate disgorgement and return of the entirety of Defendants' ill-gotten $62,060.00, directly to Plaintiff.

### COUNT V
### BREACH OF FIDUCIARY DUTY AND/OR DUTY OF LOYALTY
(Against Shin)

69.    Plaintiff incorporates all preceding facts and allegations set forth within this Complaint into this Count.

70. Shin, by virtue of her employment with Plaintiff, owed Plaintiff a duty of loyalty to act in Plaintiff's best interests concerning or related to Shin's communications with and requests to Plaintiff for Shin's eligibility for, use of, or benefit from Plaintiff's payment of monetary housing stipends.

71. Shin, by virtue of her employment with Plaintiff, owed Plaintiff a fiduciary duty to act in Plaintiff's best interests concerning or related to Shin's communications with and requests to Plaintiff for Shin's eligibility for, use of, or benefit from Plaintiff's payment of monetary housing stipends.

72. During the period of about April 2023, through October 2025, Shin violated her duty of loyalty and fiduciary duty to Plaintiff by knowingly, maliciously, and for personal benefit and enrichment, defrauding Plaintiff through creation, use, dissemination, or confirmation of the materially false 2023/2024 Lease, 2024/2025 Lease, and 2025/2026 Lease to fraudulently induce and cause damage to Plaintiff by and through its issuance Thirty-One (31) unauthorized and improper monetary housing stipend payments to Shin totaling $62,060.00.

73. As a direct result of Shin's breaches of her duty of loyalty and fiduciary duty to Plaintiff, Plaintiff suffered compensatory damages totaling $62,060.00, and is entitled to the recovery of these funds, as well as disgorgement of all profits Shin earned through or from her scheme.

## COUNT VI
## BREACH OF CONTRACT
(Against Shin)

74. Plaintiff incorporates all preceding facts and allegations set forth within this Complaint into this Count.

22

75.     From about August 2020 through about November 2025, Plaintiff employed Shin as Administrative Staff.

76.     Pursuant to Shin's Employment Agreement, under which Plaintiff and Shin mutually agreed that Plaintiff would pay Shin a monetary housing stipend if, and only if, the stipend paid by Plaintiff to Shin was in partial or full satisfaction or reimbursement for Shin's cost of housing at a dwelling place for which Shin is identified as lessee on the lease or agreement.

77.     From April 2023 through October 2025, Shin was not identified as a lessee on a lease agreement for a dwelling place or property where she resided.

78.     From April 2023 through October 2025, Shin was not eligible under her Employment Agreement with Plaintiff to request or receive a monetary housing stipend.

79.     During the period April 2023 through October 2025, Shin materially breached her Employment Agreement with Plaintiff by improperly requesting and receiving the non-negotiated benefit of Plaintiff's payment of Thirty-One (31) unauthorized monetary housing stipend payments from Plaintiff, causing Plaintiff to suffer resulting breach of contract damages of $62,060.00.

## JURY DEMAND

Plaintiff requests a trial by jury on all facts and counts so triable.

## RELIEF REQUESTED

1.     Plaintiff requests judgment in favor of Plaintiff and against Defendants, jointly and severally, for economic damages of $62,060.00, or such other amounts as determined by the trier of fact.

2.      Plaintiff requests judgment in favor of Plaintiff and against Defendants, jointly and severally, for punitive damages exceeding $75,000.00, as determined by the trier of fact.

3.      Plaintiff requests judgment in favor of Plaintiff and against Defendants, jointly and severally, for reasonable attorneys' fees awarded as additional punitive damage, in an amount to be determined by this Court following Plaintiff's post-judgment petition for the same.

4.      Plaintiff requests judgment in favor of Plaintiff and against Defendants, jointly and severally, for recovery of pre- and post-judgment interest and court costs.

5.      Plaintiff requests judgment in favor of Plaintiff and against Defendants, jointly and severally, to include all other relief this Court of a jury deems fair, just, or appropriate.

Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

__/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. 17291
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*